EVANDER, J.
The former husband raises numerous issues in this appeal from a final judgment of dissolution of marriage. The parties’ marital estate exceeded $5,000,000, with the primary asset being a family-owned business. We reject the former husband’s argument that the trial court overvalued this asset. The trial court’s valuation of the business was supported by substantial competent evidence. We do find, however, that there are three errors in the trial court’s equitable distribution order that require correction.
First, the trial court found that during the parties’ separation, the former husband had used $58,465 of marital monies as a down payment on a new residence. The court also found that the former husband was entitled to receive repayment of a $180,000 shareholder loan that the parties had made to the family business. However, the undisputed evidence reflects that the $58,465 used by the former husband as a down ■ payment was, in fact, money he had received from the family business as a partial repayment of the $180,000 loan. Thus, the former husband was improperly charged twice for the same $58,465. As a result, the former husband’s equitable distribution assets column was $58,465 too high.
Second, the trial court found that the former wife was to be responsible for payment of a CitiFinancial Rooms to Go debt of $8,190.20. Because the trial court attempted to effect a 50/50 distribution of the marital estate, the former wife was awarded an additional $8,190.20 of assets to offset this obligation. The former wife should not have been “credited” with this obligation because the evidence reflects that this debt had been fully satisfied during the separation period by either the former husband or by monies from the family business.
Third, the former wife should only have been credited with being responsible to pay $3,896.10 on the Chase Mastercard debt rather than $5,896.10. The balance of this credit card debt had similarly been reduced during the parties’ separation by payment from either the former husband or the family business.
On remand, the trial court should correct these errors in a manner that will effect the court’s intent to divide the marital estate equally. The final judgment is otherwise affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
PLEUS and MONACO, JJ., concur.